

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CHARLES AMOS** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO: 04-2029** |
| **BURL CAIN, WARDEN** | * | **SECTION: "B"(6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to Title 28, United States Code, Sections 636(b)(1)(B) and (C), and, as applicable, Rule 8(b) of the Rules Governing Section 2254 cases. Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing. For the reasons set forth below, it is recommended that the instant petition be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

## Background

In this habeas petition, Charles Amos seeks relief from his July 26, 1995, state court conviction of second degree murder and subsequent September 8, 1995, sentence of

DATE OF MAILING **NOV 1 2 2004**

DATE OF ENTRY
NOV 1 2 2004

___ Fee_____
___ Process_____
X  Dktd_____
___ CtRmDep_____
___ Doc. No. 5

life imprisonment which was imposed by the Orleans Parish Criminal District Court, in case number 368-925 "A." Petitioner brings the following claims in his federal application for habeas corpus relief:

1. Prosecution failed to disclose favorable evidence in accordance with **Brady-Kyles**.

2. Petitioner's conviction was unlawfully obtained due to action of a grand or petit jury which was unconstitutionally selected and impaneled.

3. Denial of effective assistance of counsel.

   a. Inadequate pretrial preparation.
   b. Inadequate trial performance.
   c. Absence of lead counsel during trial.
   d. Failure of counsel to investigate, interview and subpoena alibi witness to testify.
   e. Failure of counsel to object to a fatally defective indictment.

4. The trial court committed reversible error by appointing six attorneys to represent petitioner given the cumulative instances of the attorneys' ineffectiveness.[1]

Respondent Burl Cain filed his opposition to the habeas corpus petition on August 26, 2004, therein arguing that the petitioner is not entitled to relief because his application is time barred and because petitioner failed to exhaust all of his federal claims in the highest state court.[2] Specifically, respondent argues that petitioner failed to exhaust

---

[1] See Federal Rec., Doc. No. 1. Petition, Form AO241, and attached Petition for Writ of Habeas corpus, pages 2-3.

[2] See Federal Rec., Doc. No. 4, Response to Habeas Corpus Petition, pages 5-9.

2

claim 3(e.) (failure of counsel to object to a fatally defective indictment) and claim 4 (the trial court committed reversible error by appointing six attorneys to represent petitioner given the cumulative instances of the attorneys' ineffectiveness).[3] Respondent did not address the merits of petitioner's claims.

## Procedural History

Petitioner was convicted of second degree murder and he was sentenced to serve life imprisonment on September 8, 1995. Petitioner directly appealed his conviction and sentence to the Louisiana Court of Appeal, Fourth Circuit. Counsel for petitioner requested a review for errors patent and petitioner's pro se brief raised issues of ineffective assistance of appeal counsel, insufficient evidence and hearsay evidence. On May 13, 1998, the Fourth Circuit affirmed the conviction and sentence and granted petitioner's counsel's motion to withdraw. The Fourth Circuit also ruled that there was no non-frivolous issue or trial court ruling which arguably supports the appeal.[4] In June 1998, petitioner applied for certiorari in the Louisiana Supreme Court on the same grounds filed in the Fourth Circuit. Certiorari was denied on October 30, 1998.[5] Petitioner did not file for rehearing and he did

---

[3] **Ibid**, pages 5-6.

[4] **State v. Amos**, No. 96-KA-1842, 712 So.2d 311 (Table) (La. App. 4th Cir. May 13, 1998) (unpublished opinion). A copy of the opinion is contained in the State Record, Vol. 6 of 12.

[5] **State v. Amos**, 723 So.2d 974 (La. Oct. 30, 1998).

not file for review in the United States Supreme Court. Therefore, petitioner's conviction and sentence became final on November 13, 1998, fourteen days after the denial of his writ by the Louisiana Supreme Court, pursuant to La. C.Cr. P. art. 922.[6]

Petitioner filed his first application for post conviction relief (PCR) on or about August 24, 1999, therein raising four issues pertaining to denial of due process of law, equal protection and effective assistance of counsel as follows: (1) trial counsel failed to allow petitioner to testify during trial; (2) trial counsel failed to investigate, interview and subpoena alibi witness; (3) counsel failed to object to the defective indictment (cryptic form); and, (4) trial court erred by appointing "such counsel" to defend petitioner, given the cumulative instances of ineffectiveness by said counsel.[7]

On September 9, 1999, petitioner filed a motion to withdraw his first PCR application without prejudice.[8] Petitioner specifically requested the Clerk of Court to withdraw the PCR application. Review of the record does not show that the district court

---

[6] La. C.Cr. P. art. 922 provides, in pertinent part, as follows:
    A. Within fourteen days of rendition of the judgment of the supreme court or any appellate court, ... a party may apply to the appropriate court for a rehearing....
    B. A judgment rendered by the supreme court or other appellate court becomes final when the delay for applying for a rehearing has expired and no application therefor has been made.

[7] See State Record, Vol. 2 of 12, Memorandum of Law in Support of Application of Post-Conviction Relief, page 3. Also see page 13 of Memorandum referencing court's erroneous appointment of "sixth counsels."

[8] See State Record, Vol. 2 of 12, Motion to Withdraw without Prejudice.

4

ruled on the motion. More than two years after the filing of the motion to withdraw the PCR, on September 17, 2001, via counsel, petitioner filed "Defendant's Supplement to Post-Conviction Application."[9] Petitioner claimed that the grand jury indictment of which petitioner was convicted was constitutionally defective because of the possibility of racial discrimination in the selection and appointment of the foreperson of the grand jury.

On or about August 12, 2002, the prosecution filed a response entitled "State's Motion to Quash Defendant's Application for Post-Conviction Relief; State's Original Response to Defendant's Application for Post-Conviction Relief."[10] The state district court conducted an evidentiary hearing and thereafter denied petitioner's PCR application on January 13, 2003.[11]

Petitioner filed for writs in the Louisiana Court of Appeal, Fourth Circuit on February 12, 2003.[12] Petitioner presented two assignments of errors, ineffective assistance of counsel and denial of **Brady-Kyles** discovery. Petitioner listed the following as additional claims: counsel failed to interview and subpoena witnesses; counsel prevented petitioner

---

[9] See State Record, Vol. 3 of 12, for a copy of Defendant's Supplement to Post-Conviction Application.

[10] See State Record, Vol. 2 of 12.

[11] See State Record, Vol. 3 of 12, Docket Master entry dated January 13, 2003.

[12] See State Record, Vol. 9 of 12, **State of Louisiana v. Charles Amos**, No. 2003-K-0326. (La. App. 4th Cir.)

from testifying at trial; and, the grand jury indictment was defective because of discrimination. The Louisiana Fourth Circuit denied writs on May 6, 2003.[13]

Respondent concedes that petitioner timely applied for supervisory writs in the Louisiana Supreme Court in June 2003, regarding the same issues presented to the Louisiana Fourth Circuit. The Louisiana Supreme Court denied the application on March 19, 2004, without a written opinion.[14]

---

[13]See State Record, Vol. 10 of 12 for copy of Ruling. **State of Louisiana v. Charles Amos**, No. 2003-K-0326 (La. App. 4th Cir. May 6, 2003). The court said:

**WRIT DENIED**
We find no error in the trial court's denial of relator's application for post-conviction relief. After an extensive review of the record, we find relator failed to meet the standard for ineffective assistance of counsel as articulated in **State v. Mims,** 97-1500 (La. App. 4 Cir. 6/21/00), 769 So.2d 44.

As to relator's **Brady** claim the trial court was also correct in determining Williams' oral and written statements to Det. Deal did not create a **Brady** obligation.

Finally, we find no merit in relator's assertion of racial discrimination in the selection of the grand jury foreperson. Relator did not file a motion to quash the indictment against him prior to trial; therefore, he is estopped from raising this claim. See **Deloach v. Whitley**, 96-1901 (La. 11/22/96), 684 So.2d 349. Furthermore, this Court has held that the procedures used in Orleans Parish to choose grand jury forepersons were not discriminatory. See **State v. Fleming**, 2002-1700 (La. App. 4 Cir. 4/16/03), ___ So.2d ___.

[14]**State of Louisiana v. Charles Amos**, No. 2003-KP-1552 (La. Mar. 19, 2004). See State Record, Vol. 12 of 12 for a copy of the ruling.

## Analysis-Timeliness

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his *habeas corpus* claims pursuant to Title 28, United States Code, Section 2254, with this one year period commencing to run from "the latest of" either the date the petitioner's state judgment became final, November 13, 1998, or the expiration of his time for seeking review. *See* Title 28, United States Code, Section 2244(d)(1) (West 2004), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220. In this case, petitioner's conviction became final on February 2, 1999, ninety (90) days after the Louisiana Supreme Court denied his direct appeal and when the time for filing a writ with the U.S. Supreme Court expired.[15] Accordingly, under a plain reading of the statute, Amos' federal *habeas* limitation period would expire one year later, on February 2, 2000.

Petitioner did not file the instant action until June 23, 2004.[16] Thus, petitioner's

---

[15] *See* **Ott v. Johnson**, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for certiorari with the United States Supreme Court is considered in the finality determination under Title 28, United States Code, Section 2244(d)(1)(A)), cert. denied, 529 U.S. 1099 (2000); U.S. S. Ct. Rule 13(1).

[16] See Fed. Rec. Doc. No. 1, page 7. This June 23, 2004, filing date was ascertained via the Court's use of the "mailbox rule." Under this rule, a pleading filed by a prisoner acting pro se is considered to be filed for prescriptive purposes on the date it is delivered to prison officials for mailing, rather than the date it is received by the court. **Cooper v. Brookshire**, 70 F.3d 377, 379 (5th Cir. 1995). Generally, the date a prisoner signs his petition, in this case, June 23, 2004, is presumed to be the date he delivered it to prison officials for mailing. *See* **Colarte v. LeBlanc**, 40 F.Supp.2d 816, 817 (E.D. La. 1999) (assumed that petitioner turned his habeas corpus application over to prison officials for delivery to this Court on the date he signed his application); **Magee v. Cain**, 2000 WL 1023423, *4 n.2 (E.D. La. 2000) (inferred that filing date

challenges to his 1995 conviction must be dismissed as untimely, unless the one-year statute of limitations period was interrupted as set forth in Title 28, United States Code, Section 2244(d)(2). Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

A review of Amos' procedural history shows that Amos allowed a lapse of 207 days between the finality of his conviction on February 2, 1999, and the filing of his August 24, 1999, post conviction application in the state court, which remained pending even after petitioner filed a motion to withdraw it on September 9, 1999, as the district court failed to rule on the motion. Moreover, petitioner's counsel filed a motion to supplement the PCR on September 17, 2001. Thus, petitioner had a PCR pending until the PCR was denied on January 13, 2003. Review shows that petitioner timely filed for writs in the Louisiana Fourth Circuit and in the Louisiana Supreme Court. The Louisiana Supreme Court denied the writs application on March 19, 2004. Therefore, petitioner's filing time was tolled from August 24, 1999, until March 19, 2004. Petitioner allowed a lapse of 94 days between the denial of his writs application on March 19, 2004, and the filing of his federal application for habeas

---

and signature date of habeas petition were the same); **Punch v. State**, 1999 WL 56279, *2 n.3 (E.D. La. 1999) (may reasonably be inferred that prisoner delivered habeas petition to prison officials for mailing on date he signed petition).

8

corpus relief on June 23, 2004. Therefore, petitioner's federal application is timely, as he only allowed a total of 301 days to lapse (207 + 94 = 301). It appears that petitioner had 64 days left under the AEDPA to timely file a federal petition. Therefore, the respondent's argument that the subject petition is untimely is meritless.

## Exhaustion

The court next addresses the respondent's argument that petitioner's application should be dismissed because petitioner failed to exhaust all of his federal issues in the highest state court. Specifically, respondent claims that petitioner failed to exhaust <u>claim 3e.</u> (denial of effective assistance of counsel because counsel failed to object to a fatally defective indictment which "failed to inform petitioner of every essential fact constituting the offense charged") and <u>claim 4</u> (the trial court committed reversible error by appointing six attorneys to represent petitioner). Review of the state record shows that claims 3e. and 4 were raised in the state district court only. Therefore, it is clear that Amos has never presented claims 3e and 4 to the state's highest court.

Federal law is clear that a state prisoner must exhaust available state court remedies as to each ground upon which he claims entitlement to <u>habeas corpus</u> relief. Title 28, United States Code, Section 2254(b)(1); **Rose v. Lundy**, 455 U.S. 509, 102 S. Ct. 1198 (1982); **Preiser v. Rodriguez**, 411 U.S. 475, 93 S. Ct. 1827 (1973); **Serio v. Members of the Louisiana Board of Pardons**, 821 F.2d 1112, 1117 (5th Cir. 1987). A total exhaustion

rule promotes comity and such a rule does not unreasonably impair a prisoner's right to relief. **Rose,** 455 U.S. at 522, 102 S. Ct. at 1205. Moreover, when a habeas petitioner has presented the court with a petition containing some exhausted and unexhausted claims, the entire "mixed" habeas petition is nonetheless subject to dismissal. **Pliler v. Ford,** __ U.S. __, 124 S. Ct. 2441, 2444, 72 USLW 4523 (June 21, 2004), citing **Rose,** 455 U.S. 509.

To satisfy the exhaustion requirement, "a habeas petitioner must have fairly presented the substance of his claim to the state courts." **Anderson v. Johnson,** 338 F.3d 382 (5th Cir. 2003), citing **Nobles v. Johnson,** 127 F.3d 409, 420 (5th Cir. 1997), **Picard v. Connor,** 404 U.S. 270, 275-76, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971).

Amos has failed to exhaust available state court remedies before he filed his federal habeas petition. Until such action has been taken, a remedy will be available to petitioner under state law. See **State ex rel. Mitchell v. Louisiana,** 580 So.2d 906, 908 (La. 1991). Therefore, petitioner's habeas corpus petition must be dismissed without prejudice to allow the state courts an opportunity to rule on the merits of Charles Amos' claims.

However, the court recognizes that petitioner's time has continued to run even after he filed his federal habeas petition and that a dismissal without prejudice at this time would effectively be a dismissal with prejudice as Amos would be time-barred from

returning to federal court.[17] Accordingly, the undersigned recommends that petitioner Charles Amos be allowed to return to state court to fully litigate his claims and be allowed to re-open this federal habeas action **within ninety (90) days** of a final state court decision by the Louisiana Supreme Court on his unexhausted claims. By re-opening the present habeas action rather than filing a new action after exhausting his state court claims, petitioner's federal habeas filing date of June 23, 2004 will be preserved. Upon returning to federal court, Amos should file a motion to re-open the instant case with his federal habeas petition, attaching proof that he has exhausted his claims before the Louisiana Supreme Court.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the petition of Charles Amos for issuance of a writ of habeas corpus under Title 28, United States Code, Section 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

It is **FURTHER RECOMMENDED** that petitioner Charles Amos be allowed to return to state court to fully litigate his claims and be allowed to re-open this federal habeas action

---

[17]*See Duncan v. Walker*, 533 U.S. 167, 121 SA.Ct. 2120, 150 L.Ed.2d 251 (2001)(application for federal *habeas* review is not an "application for State post-conviction or other collateral review", within meaning of tolling provision of the Antiterrorism and Effective Death Penalty Act (AEDPA)). *See also, Grooms v. Johnson*, 208 F.3d 488 (5th Cir. 1999)(limitations period of the AEDPA not tolled during pendency of a prior federal *habeas* petition).

**within ninety (90) days** of a final state court decision by the Louisiana Supreme Court on his unexhausted claims.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. **Douglass v. United Services Auto. Ass'n**, 79 F. 3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 10th day of November, 2004.

LOUIS MOORE, JR.
United States Magistrate Judge