UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CHARLES AMOS** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 04-2029** |
| **BURL CAIN** | * | **SECTION "B"(6)** |

### ORDER & REASONS

This matter was referred to the Magistrate Judge to consider the effect of Amos' belated request to drop un-exhausted claims. (Rec. Doc. No. 9). The Court, after considering the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge and objections filed by both Respondent and Petitioner, hereby **AFFIRMS** the Magistrate Judge's Report and Recommendation the issue of timeliness.

### BACKGROUND

Petitioner's conviction became final on November 13, 1998, fourteen days after the Louisiana Supreme Court denied his writ. (Rec. Doc. No. 5 at 4n.6) (citing La. C.Cr.P. art 922). He filed his first application for state post-conviction relief on August 24, 1999. (Rec. Doc. No. 5 at 4). On September 9, 1999, the Petitioner filed a motion requesting the Clerk of Court to withdraw his post-conviction application without prejudice and it is uncontested that the court never ruled on the motion. (Rec. Doc. No. 5 at 4-5). Over two years later, on September 17, 2001, Petitioner filed Defendant's Supplement to Post-Conviction Application. (Rec. Doc. No. 5 at 5). The state district court

conducted an evidentiary hearing and denied the Petitioner's application for post-conviction relief on January 13, 2003. The Petitioner subsequently filed writs to the Fourth Circuit Court of Appeal on February 12, 2003. (Rec. Doc. No. 5 at 5). The Louisiana Fourth Circuit denied the writs on May 6, 2003. (Rec. Doc. No. 5 at 6). The Respondent concedes that Petitioner appealed the same issues to the Louisiana Supreme Court in June 2003 and the application was denied on March 19, 2004, without opinion. (Rec. Doc. No. 4).[1]

## LAW AND ANALYSIS

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year to apply for federal habeas corpus relief from "the latest of- (A)the date on which the judgment become final by the conclusion of direct review or the expiration of the time for seeking such." 28 U.S.C.A. § 2244(d)(1)(A). The judgment became final on November 13, 1998. (Rec. Doc. No. 5 at 4). The expiration of the time for seeking such review was February 2, 1999, ninety days after the Louisiana Supreme Court denied his direct appeal and time for filing a writ to the United States Supreme Court expired. (Rec. Doc. No. 5 at 7) (citing Ott v. Johnson, 192 F.3d 510 (5th Cir. 1999). The later date in February 2, 1999. The Petitioner had one year from February 2, 2000 to file a federal habeas corpus petition. This

---

[1] The Petitioner filed an application for federal habeas corpus on August 26, 2004. (Rec. Doc. No. 1). The Respondent's response to the Petitioner's application only addressed procedural arguments. (Rec. Doc. No. 4).

date was several years before the actual June 23, 2004 filing date. (Rec. Doc. No. 5 at 7).

Under AEDPA "[t]he time during which a properly filed application for state post-conviction . . . claim is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2). The Magistrate Judge found that the Petitioner's filing time was tolled from August 24, 1999, the date of the Petitioner's first application for post-conviction relief, until March 19, 2004, when the Louisiana Supreme Court denied the Petitioner's writs. (Rec. Doc. No. 5 at 8). According to the Magistrate Judge's analysis, the Petitioner had 64 days remaining under the AEDPA one-year deadline when he filed the application for review.

The Respondent's only objection to the Magistrate Judge's Report and Recommendation is that the Petitioner's application for federal review is untimely. (Rec. Doc. No. 6). The Respondent argues that the September 17, 2001 post-conviction application should be treated as the first and only post-conviction application. Under this view, the Petitioner's motion to withdraw the August 24, 1999 post-conviction application "has the effect of that application never having been filed." (Rec. Doc. No. 6 at 2).

The Court agrees with the Magistrate Judge's interpretation of the August 24, 1999 application for post-conviction relief. Therefore, the Court finds petitioner had 64 days remaining under

3

the AEDPA one-year deadline. Thus, the government's objection based on timeliness is without merit.

## **CONCLUSION**

For the foregoing reasons, the Magistrate Judge's Report and Recommendation is **AFFIRMED** on the issue of timeliness. The question of the effect of exhaustion is still before the Magistrate Judge.

New Orleans, Louisiana, this 23rd day of February, 2006.

IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE